# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RUIZ FOOD PRODUCTS, INC.**, a California corporation,<br><br>　　　　　　　　**Plaintiffs**,<br>　　v.<br><br>**CAMINO REAL FOODS, INC.**, a California corporation,<br><br>　　　　　　　　**Defendants.** | 1:09-CV-1731  AWI SMS<br><br>**ORDER ON PLAINTIFF'S MOTION FOR EX PARTE TEMPORARY RESTRAINING ORDER**<br><br>(Doc. No. 3) |

This is trademark/trade-dress infringement case involving frozen Mexican food products. Plaintiff contends that Defendant's trade-dress is deceptively similar to its own and moves *ex parte* for a temporary restraining order.

Under Rule 65(b), a court may issue an *ex parte* temporary restraining order only if: (1) it clearly appears . . . that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.  Fed. R. Civ. Pro. 65(b); Reno Air Racing Ass'n v. McCord, 452 F.3d 1126, 1130 (9th Cir. 2006).  Rule 65(b)'s requirements are "stringent," and temporary restraining orders that are granted *ex parte* are to be "restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer."

Granny Goose Foods, Inc. v. Brotherhood of Teamsters, 415 U.S. 423, 438-39 (1974); McCord, 452 F.3d at 1131.

Here, Plaintiff has not sufficiently met its burden of justifying an *ex parte* restraining order. From Plaintiff's submissions, it is apparent that counsel for both Plaintiff and Defendant have been in contact with each other over the allegedly infringing trade-dress.[1] What is missing from the application is an adequate explanation of "the reasons supporting the claim that notice should not be required." McCord, 452 F.3d at 1130; see Fed. R. Civ. Pro. 65(b). *Ex parte* relief is not appropriate. The Court instead will treat the motion as a request for a preliminary injunction and set a briefing schedule and hearing date.

Accordingly, IT IS HEREBY ORDERED that :

1. Plaintiffs' *ex parte* motion for temporary restraining order is DENIED;
2. Defendant may file an opposition on or by 12 P.M. October 12, 2009;
3. Plaintiff may file a reply on or by 12:00 P.M. October 19, 2009;
4. Hearing on the Plaintiff's motion will be held on October 26, 2009, at 1:30 P.M.; and
5. Plaintiff is directed to IMMEDIATELY provide a copy of this order, as well as Plaintiff's motion and exhibits, to Defendant (preferably through fax or e-mail).

This ORDER is being issued by the undersigned, since:

1. U.S. District Judge Anthony Ishii, to whom this case is assigned (and to whom the case continues to be assigned) is out of the Courthouse on Court business and is unable to be reached; and
2. The matter is, by nature, urgent.

IT IS SO ORDERED.

**Dated:   October 2, 2009**           /s/ Lawrence J. O'Neill
                                                              UNITED STATES DISTRICT JUDGE

---

[1] In fact, it appears that Defendant has begun the process of redesigning its trade-dress in response to Plaintiff's concerns.

2